(C.D. 4116)

WORLD ENGINES, INC. *v.* UNITED STATES

United States Customs Court, First Division

(Decided November 2, 1970)

*Allerton deC. Tompkins* (*Irving Levine* of counsel) for the plaintiff.
*William D. Ruckelshaus*, Assistant Attorney General (*John A. Winters* and *Morris Braverman*, trial attorneys), for the defendant.

Before WATSON, MALETZ, and RE, Judges

MALETZ, Judge: This case involves the question as to the proper tariff levy on Japanese manufactured "R/C Silencers" for model airplane engines. They were classified by customs as parts of toys, not

specially provided for, under the provisions of item 737.90 of the Tariff Schedules of the United States and assessed duty of 35 percent.

Protesting this assessment, plaintiff's principal claim is that the silencers are properly dutiable at only 8.5 percent under item 660.52 as parts of piston-type internal combustion engines other than compression-ignition engines. We sustain the protest.

The relevant statutory provisions are as follows:

Classified under:

Schedule 7, Part 5, Subpart E:

 \*    \*    \*    \*    \*    \*    \*

   Toys, and parts of toys, not specially provided for:

 \*    \*    \*    \*    \*    \*    \*

737.90   Other _____   35% ad val.

Claimed under:

Schedule 6, Part 4, Subpart A:

 \*    \*    \*    \*    \*    \*    \*

   Internal combustion engines and parts thereof:

 \*    \*    \*    \*    \*    \*    \*

660.52   Parts of piston-type engines other than
    compression-ignition engines_____   8.5% ad val.

It is undisputed that the imported silencers are parts of model airplanes.[1] What is in issue is whether or not they are also parts of model airplane engines. In this connection, the parties are in agreement that the model airplane engines with which the silencers are used are piston-type internal combustion engines other than compression-ignition engines. This being the case, if the silencers are in fact parts of the model airplane engines with which they are used, they would be properly classifiable under item 660.52 as parts of piston-type internal combustion engines rather than under item 737.90 as parts of toys. For it is settled that "[w]here a particular part of an article is provided for specially, a part of that particular part is more specificially provided for as a part of the part than as a part of the whole." *Foster Wheeler Corp.* v. *United States*, 61 Cust. Ct. 166, 176, C.D. 3556, 290 F. Supp. 375, 383 (1968).

We turn now to the facts established by the record to determine whether or not the silencers are parts of model airplane engines. As previously indicated, the silencers are used with model airplane engines, and in appearance resemble miniature torpedoes. They come

---

[1] Defendant has indicated that the silencers were classified by the government as parts of toys, nspf, because (1) the items in the tariff schedules covering models (i.e., items 737.05–737.15 do not contain provisions for parts); and (2) there is no provision in the tariff schedules for mufflers.

in two sizes, with the large silencer measuring 3¾'' in length, while the small silencer measures 2½'' in length. Both sizes are imported in small plastic bags which, in addition to instruction sheets, contain aluminum extension adaptors, screws and small linkage wires for coupling the silencer to the model airplane engine with which it is used.

The silencer is attached directly to the exhaust stack of the model engine and performs two functions: (1) it muffles engine noise; and (2) it "throttles" or slows down the engine. Considering first the muffling function, it is to be noted that the engines with which the silencers are used are two-cycle piston-type engines, varying in size from ¼ to 1½ horsepower and capable of speeds of 2,500 to 10,000 revolutions per minute. In operation, exhaust escapes from the firing chamber of the engine, producing a loud shock wave-type sound which is directly proportionate to the revolutions per minute of the motor. When the silencer is attached to the engine, its chamber contains the exhaust gas and lets it escape into the atmosphere over an extended period of time—which has the effect of taking the sharpness out of the sound created by the exploding fuel.

The second function—"throttling"—is accomplished by the silencer, as follows: The silencer is equipped with a baffel or rotor which is connected by a linkage to the engine's carburetor. When the carburetor control on the engine is moved to a low-speed position (either by a wire or radio control), the baffel closes, thereby restricting the passage of exhaust from the cylinder of the engine and making the engine less efficient. This causes a reduction in the engine speed so that the user can (among other things) land the model by remote control.

The silencers in issue are used on engines specially designed to accommodate them. While there are many different types of model engines, the silencers can only be used with eight types of model engines, and they have no use other than with these eight types of engines. It may be added that the silencers are not essential to the functioning of the engines, and some model engines are sold without silencers. However, in some parts of the United States local ordinances make it illegal to use or sell airplane model engines without silencers.

Finally, the record shows that there are several important differences between an automobile muffler (which the testimony indicated is not considered part of an engine) and the silencers here in question. For one thing, the silencers (as we have seen) serve two functions, namely as an adjunct to speed control and to reduce the noise level. By contrast, automobile mufflers reduce the noise level but do not aid in speed control. Further, the imported silencers are attached directly to and supported by the model engine. Automobile mufflers, on the other hand, are supported by the body of the vehicle and not by the engine.

Against this factual background, we think it clear that the imported silencers are "parts" of internal combustion engines. "In order to establish that an importation is a part, it must be shown that, in its imported condition, it is dedicated for use exclusively with the article of which it is claimed to be a part, and that it serves a necessary or important, or useful purpose in the functioning of that article." *J. E. Bernard & Co., Inc.* v. *United States*, 62 Cust. Ct. 615, 617, C.D. 3834, 305 F. Supp. 931, 934 (1969), and cases cited. Applying that test here, the record leaves no doubt that the silencers are dedicated for use exclusively with eight types of model engines. Furthermore, the silencers serve two functions, throttling and muffling, both of which are important and useful to the functioning of the engine. And finally, once attached to the engine, the silencer becomes an integral part of the engine.

The protest is sustained and judgment will be entered accordingly.